HELENE TREMBERGER, Appellant, v. PATRICK J. OWENS, Respondent.

*Abandonment of an easement in a street, arising out of a conveyance of a lot laid out on a map as abutting on such street — inclosing a portion of such street, where a new street has been laid out next to the land so inclosed — right of one so doing to enjoin another owner from building on a corresponding piece of land.*

An owner of a plot of land filed a map thereof on which the land was divided into streets and building lots, the lots being numbered and the streets being named. Subsequently he conveyed, by reference to the map, a number of lots abutting on the westerly side of one of the streets delineated thereon. After the street in question had been used as a public street for upwards of forty years, the authorities of the city of New York opened a new street through the land, the westerly line of which street was thirty feet east of the westerly line of the old street. The grantees of the lots before mentioned thereupon removed their front fences from the westerly line of the old street to the westerly line of the new street and extended their side fences to the line of the new street.

In an action brought by one Tremberger, the owner of one of the lots, who had so inclosed the abandoned portion of the old street which abutted on her premises, and was using the same as a door yard, against one Owens, who had acquired title to another one of such lots after Tremberger had so inclosed the land in front of her lot, to restrain Owens from building on the land lying between his lot and the new street, it was

*Held,* that the complaint should be dismissed;

That the plaintiff's action in taking possession of so much of the old street as lay between her lot and the new street, and excluding all other persons therefrom, justified Owens in believing that she had elected to abandon her easement in that portion of the old street not included in the new street, and that she would not be permitted to assert as against him that this was not her intent.

APPEAL by the plaintiff, Helene Tremberger, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 29th day of July, 1902, upon the decision of the court, rendered after a trial at the New York Special Term, dismissing the complaint upon the merits.

*James C. De La Mare,* for the appellant.

*David B. Ogden,* for the respondent.

MCLAUGHLIN, J.:

This action was brought to enjoin and restrain the defendant from building upon or in any way obstructing a piece of land situate

at the southwesterly corner of One Hundred and Sixty-first street and Cauldwell avenue in the city of New York.

The facts were agreed upon at the trial, and so far as material are as follows: In 1853 one Shaw owned a tract of land in the town of Morrisania, which he subdivided into lots, four of which were numbered 56, 63, 64 and 65, which fronted upon certain proposed streets, and thereafter filed a map in the office of the register of Westchester county, upon which the lots were shown by numbers and the streets by names. One of the streets, fifty feet in width, was called Avenue B, which extended nearly north and south and intersected another called Cliff street, which extended nearly east and west. Thereafter Shaw conveyed to various persons the lots fronting on both sides of Avenue B and Cliff street, and in each case described the land conveyed by its number and reference to the map.

Plaintiff, by mesne conveyances, has acquired all the title which Shaw had in lot 56 and a part of lot 63. These lots were situate on the westerly side of Avenue B and were something over 100 feet southerly from where the avenue intersected Cliff street. The defendant, by mesne conveyances, has acquired all the title which Shaw had in lots 64 and 65, and they were situate on the westerly side of Avenue B, lot 65 also fronting northerly on Cliff street. Avenue B, shortly after the Shaw map had been filed, was opened and used as a public street and it continued to be so used for upwards of forty years. In 1874 a portion of Morrisania, including that laid down on the Shaw map, was annexed to and made a part of the city of New York, and in 1892 a map was filed by the city in conformity with the statutes regulating the opening of streets in that section, and upon which was designated One Hundred and Sixty-first street, the southerly line of which was coincident with the southerly line of Cliff street as shown on the Shaw map, and upon this map was also laid out and delineated a street known as Cauldwell avenue, of the width of sixty-five feet, which extended from Cliff street south. The westerly line of Cauldwell avenue, as laid out on this map, ran through the land delineated on the Shaw map and parallel to the westerly line of Avenue B, and distant thirty feet easterly therefrom. Cauldwell avenue was thereafter duly opened and has since been and now is used as one of the public streets

of the city. The effect of opening Cauldwell avenue, so far as the city was concerned, was to abandon as a street a portion of Avenue B, that is, a strip thirty feet in width, immediately adjoining the westerly line of Cauldwell avenue. After this portion of Avenue B had been abandoned by the city, the owners of all the lots which fronted on the westerly side of Avenue B between One Hundred and Sixty-first street and One Hundred and Fifty-eighth street, which is the next street southerly (except the owners of lots having a frontage of one hundred feet on Avenue B), removed their front fences from what was formerly the westerly line of Avenue B to the westerly line of Cauldwell avenue and inclosed so much of Avenue B as was not included in Cauldwell avenue. This the plaintiff did and erected in front of that portion of her premises which was designated on the Shaw map as lot 63, a picket fence of the height of at least three feet six inches, and which, at the time of the commencement of this action, ran and still runs, along the westerly line of Cauldwell avenue, with suitable openings for a gate, and also two side fences each in prolongation of the northerly and southerly line of plaintiff's said lots, and each running from the said westerly line of Avenue B as laid down on the Shaw map to the westerly line of Cauldwell avenue as now opened and used. The portion of Avenue B so inclosed in front of plaintiff's premises has been planted by her with grass, shrubs and other ornamental plants with the intention of using the same, and the same now is used by her as her own property and cannot be used by any other person for passage or repassage in a northerly or southerly direction without the removal of said fence. These fences were in existence at the time the defendant acquired title to the premises upon which he proposes to erect his buildings.

Upon these facts we think the trial court properly dismissed the complaint. There can be no doubt but that plaintiff or her predecessor in title originally had an easement in Avenue B. It is well settled that when an owner of land subdivides the same into lots and sells the same with reference to proposed streets, his grantees or their successors cannot thereafter be deprived of having the street or streets bounding such lots kept open. Whenever a conveyance is made in this way, the purchaser and his grantees have an easement in the proposed streets which is a property right

of which he cannot be deprived without his consent, or in the manner provided by law. (*Lord* v. *Atkins*, 138 N. Y. 184; *Matter of Adams*, 141 id. 297.) Here, notwithstanding that the plaintiff had an easement in Avenue B, she could abandon it if she so desired, and once that was done, she could not thereafter reclaim it, and the facts show that is precisely what she has done. She took possession of so much of Avenue B as lies between her lot and Cauldwell avenue and excluded, by barriers, every one else therefrom. She did this with the intention of using the same as her own property. This, in law, was a complete extinguishment of her entire easement in that portion of Avenue B not included in Cauldwell avenue. (*Corning* v. *Gould*, 16 Wend. 531; *White* v. *Manhattan Ry. Co.*, 139 N. Y. 19; *Conabeer* v. *N. Y. C. & H. R. R. R. Co.*, 156 id. 474; *Nicklas* v. *Keller*, 9 App. Div. 216.)

The rule is tersely stated in the *White* case by Judge Peckham as follows: " Although it may generally be said under the authority of the cases already cited, that an easement in the nature of an interest in the land of another can only be created by a grant, yet after it has been created, and while it is in existence, it may be abandoned and thus extinguished by acts showing an intention to abandon and extinguish the same. This has been many times decided and by many different courts. A cesser to use, accompanied by an act clearly indicating an intention to abandon the right, would have the same effect as a release without reference to time. * * * The intention to abandon is the material question and it may be proved by an infinite variety of acts. If a third party interested in the servient estate has acted upon such abandonment and in regard to whom it would operate unjustly, if the exercise of the easement should be resumed in favor of the dominant estate, added force is given to the claim of abandonment."

When the defendant acquired the title to his lots, the plaintiff had erected her fence around that portion of Avenue B which was between her lots and Cauldwell avenue. She was then asserting ownership of it. He, therefore, had a right to rely upon the fact that she had then elected to abandon her easement in that portion of Avenue B not included in Cauldwell avenue and she cannot now be heard to say that this was not her intent.

The action is an equitable one and it would be unjust to the

defendant to permit plaintiff — she having heretofore done what the defendant is now seeking to do — to change her position.

If we are correct in this, then it necessarily follows that so far as the plaintiff is concerned, the defendant has title to the land upon which he proposes to build and can do so without let or hindrance from her.

The judgment appealed from is right and must be affirmed, with costs.

Van Brunt, P. J., O'Brien and Hatch, JJ., concurred.

Ingraham, J. (concurring):

I concur with Mr. Justice McLaughlin. The plaintiff seeks in equity to restrain the defendant from occupying a certain portion of a strip of land over which the grantees of certain lots, of which the plaintiff was one, had acquired an easement. Whether a court of equity will enforce the right to an easement or leave the parties to an action at law depends upon equitable principles, and where it would be inequitable for a plaintiff to be allowed to enforce a right which he has acquired, equitable relief will be denied and the plaintiff left to his remedy at law. This principle has been many times applied, a leading case being *Trustees of Columbia College* v. *Thacher* (87 N. Y. 311). Applying this principle, I think the court correctly refused to entertain the action, and that, irrespective of whether the plaintiff in closing the portion of the street in front of her premises could be held to have abandoned the easement so as to justify the defendant in erecting the contemplated building. There is no allegation in the complaint, nor was there any proof upon the trial, that the contemplated building upon the defendant's property would be an interference with the light and air to which the plaintiff's premises were entitled. The right of way over this strip of land, not included in the street as laid out by the city authorities, has been, by the affirmative act of the abutting owners, destroyed, and it would be inequitable to compel the defendant to continue the right of way over the strip of land in front of his premises when all of the other owners have, by extending their fences, abandoned the easement over the portion of the street in front of their respective premises. In view of the act of the other abutting owners upon this street, I

think the court was justified in refusing to entertain this action, leaving the plaintiff to her remedy at law to recover such damages as she will sustain if there is a violation of the plaintiff's property right in the street.

Judgment affirmed, with costs.