RABEN v. RISNIKOFF.

(Supreme Court, Appellate Division, Second Department. June 3, 1904.)

1. VENDOR AND PURCHASER—DEFECT IN QUANTITY OF LAND—REFUSAL TO COMPLETE CONTRACT.

A vendee cannot be required to accept a city lot materially less in width and depth than indicated by the figures in the contract, unless the premises designated by the street number in such contract were in fact smaller in area.

2. SAME—SUBSTANTIAL DEFICIENCY.

A reduction of 9 inches in width and 5 feet in depth of a city lot represented to be 32 feet wide and 100 feet in depth, the purchase price of which was $5,450, was a substantial variation from the lot described in the contract.

3. SAME—INCUMBRANCES.

Where a city lot was subject to a mortgage of $600, payable on demand, which was not specified in a contract of sale, and, on the vendee making a tender of and demanding performance, the vendor failed either to remove the incumbrance or provide for its removal, the vendee was not required to complete the sale.

4. SAME—TENDER.

In an action to recover a deposit on a contract for the sale of real estate, evidence *held* to establish a valid tender of performance by the vendee.

Appeal from Municipal Court, Borough of the Bronx, First District.

Action by Peter Raben against Morris Risnikoff to recover a deposit on breach of a contract for the sale of real estate. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

A. S. Aaronstann, for appellant.

Louis B. Boudin, for respondent.

WILLARD BARTLETT, J. Louis Wax was the vendee, and Morris Risnikoff, the defendant, was the vendor, in a contract for the sale and purchase of real estate in the borough of Brooklyn. At the time and place fixed for closing the title, the vendee refused to accept a deed offered in behalf of the vendor, on the ground that there was a deficiency in the quantity of the property offered to be conveyed, and on the further ground that there was a mortgage of $600 upon the premises, which was not specified in the contract. The plaintiff sues as the assignee of Louis Wax, the vendee, to recover $150 paid to the vendor upon the execution of the contract, and also $100 as the reasonable expense of examining the title.

The property is described in the contract as follows:

"All that certain lot, piece or parcel of land, with the buildings and improvements thereon, known as and designated by the Street Number 1012 Willoughby Avenue, in the said Borough of Brooklyn, N. Y.

"The dimensions of said lot being Thirty-two (32) feet front and rear, by One Hundred (100) feet in depth on each side, be the said several dimensions more or less and subject to a state of facts as a survey may show."

The deed offered in fulfillment of this contract conveyed a lot 31 feet and 3 inches instead of 32 feet in width, and 95 feet instead of 100 feet in depth. There was no statement or claim in behalf of the vendor that the dimensions of the lot known by the street number 1012 Willoughby avenue were in fact smaller than the dimensions thereof specified in the contract, either to the extent indicated in the deed, or to any extent; nor was there any statement or claim that an actual survey had been made whereby it appeared that the dimensions had been overestimated. Notwithstanding the use of the words "more or less" in the agreement, I do not think that the vendee could be required to accept a lot materially less in width and depth than indicated by the figures therein, unless it was a fact that the premises designated by the street number were smaller in area. In the absence of any evidence to that effect, he could not be compelled to accept a deed which gave him less. A reduction of 9 inches in the width and 5 feet in the depth of a city lot, the purchase price of which was $5,450, would have a very substantial effect upon the value received by the purchaser, "for the difference of a few inches more or less in the lines within which a city lot is bounded might cause a difference in pecuniary value exceeding that of acres of farm land." Siebel v. Cohen, 54 N. Y. Super. Ct. 436.

The other objection to the title offered by the vendor was well

taken. It appeared that there was a mortgage of $600 upon the land, payable on demand, which was not mentioned in the contract. If the vendor had then paid this mortgage, or tendered to the vendee an amount sufficient for its payment, he might have obviated the objection. He did neither, however. The mere existence on the day when the title is to be closed of an incumbrance on the property to be conveyed, which it is within the power of the vendor to remove, does not constitute a breach of the contract. Higgins v. Eagleton, 155 N. Y. 466, 50 N. E. 287. But if the vendee then makes a tender and demand of performance, and the vendor fails to remove the incumbrance or provide for its removal to the satisfaction of the vendee, the latter may maintain an action to recover the ·money paid on the agreement. It is contended on behalf of the appellant that there was no sufficient tender in the present case, but the evidence is otherwise. It distinctly appears that the. vendee and his counsel told the representative of the vendor that they were present with the purchase price, and said that they tendered it to him, and wanted him to give them their papers constituting the title, and furthermore that they had with them, in cash, the amount of money specified in the contract as then to be paid. No objection whatever was made as to the sufficiency of the tender, and the discussion that ensued related solely to the deficiency in the area of the premises as described in the deed, and to the existence of the $600 mortgage. Under these circumstances, it seems to me that the vendor waived the actual production and exhibition of the money.

The proof as to the reasonable value of the services. rendered in searching the title was sufficient to sustain the finding of the Municipal Court judge to the effect that they were worth $100, and the judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.