(55 Misc. Rep. 465)

## URBACH v. PYE.

(Supreme Court, Special Term, New York County. May, 1907.)

VENDOR AND PURCHASER—REMEDY OF PURCHASER—RECOVERY OF PURCHASE MONEY PAID—MISREPRESENTATION AS TO AMOUNT OF LAND.

> Where the purchase price under a contract for certain city lots was $76,000, and the contract described the lots as being 25.3 by 81, 25.2 by 101, and 25.2 by 97, all parcels being the same size front and rear, more or less, while in fact three of the dimensions of one lot were 24 feet 11 inches, 80 feet 1¾ inches, and 76 feet 5 inches, respectively, two of the dimensions of the second were 25 feet and 97 feet 5½ inches, respectively, while two of the dimensions of the third were 24 feet 10¾ inches and 93 feet 9 inches, respectively, the shortages on these various dimensions were so important in comparison with the size and value of the property that they cannot be disregarded, and the purchaser may recover the amount of his deposit, and have a lien on the premises therefor.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 959.]

Action by Mary Urbach against John E. Pye. Judgment for plaintiff.

Max Monfried (Aaron A. Feinberg, of counsel), for plaintiff.
N. J. O'Connell, for defendant.

GIEGERICH, J.  Two questions are presented for determination: (1) Whether there was such a deficiency in the size of the lots as to excuse the purchaser from performing his contract and to entitle him to recover back his deposit; and (2) if there was such a deficiency, whether objection on that ground had been waived during the course of the negotiations for adjournments of closing. The description of the property contained in the contract of sale is as follows:

"No. 346–348–350 St. Nicholas ave., plot being size 25.3x81, 25.2x101 and 25.-2x97, all parcels being the same size both front and rear, more or less."

An accurate survey shows as to No. 346 that the width in the rear, instead of being 25 feet 3 inches, is 24 feet and 11 inches, while the depth on the southerly side is 80 feet and 1¾ inches, instead of 81 feet, and on the northerly side only 76 feet and 5 inches. As to No. 348, the width in the rear, instead of being 25 feet and 2 inches, is only 25 feet, while the depth of the lot on the northerly side, instead of being 101 feet, is only 97 feet and 5½ inches. With respect to No. 350, it appears that the width in the rear is 24 feet and 10¾ inches, instead of 25 feet and 2 inches, and that the depth on the northerly side is 93 feet and 9 inches, instead of 97 feet. The shortages on these various dimensions, varying anywhere from a few inches to three or four feet, are so important in the case of property of this size and value that they cannot be disregarded. In Raben v. Risnikoff, 95 App. Div. 68, 88 N. Y. Supp. 470, the court said:

"A reduction of nine inches in the width and five feet in the depth of a city lot, the purchase price of which was $5,450, would have a very substantial effect upon the value received by the purchaser."

In the present instance the purchase price was $76,000, and the shortages in the three lots aggregate a greater area than in the case

just cited and a much greater total in value. In Nicklas v. Keller, 9 App. Div. 216, 41 N. Y. Supp. 172, the contract called for a lot 27 feet and 5 inches in width, while the vendor could give good title to 26 feet and 5 inches only, his title to the remaining strip of one foot being subject to an outstanding easement, and the court held that the deficiency was too substantial to be overlooked. In Wacht v. Cohen (N. Y. Law Journal, January 4, 1905), Judge Scott held that, where the vendor could make title to a depth of only 87 feet and 6 inches instead of 89 feet and 9 inches, as called for by the contract, the variance was substantial. So far as concerns the effect of the words "more or less" contained in the contract under consideration, even if they be held to be intended to modify the dimensions of depth as well as those of width, which is doubtful, as the contract is worded, nevertheless they are ineffectual in the case of such deficiencies as here exist. In Raben v. Risnikoff, supra, and Wacht v. Cohen, supra, the words "more or less" were used. For the effect of these words see, also, Belknap v. Sealey, 14 N. Y. 143, 67 Am. Dec. 120, and Paine v. Upton, 87 N. Y. 327, 41 Am. Rep. 371.

In this case no question is presented of equitable compensation for the deficiency, the defendant having refused to make any allowance during the negotiations, and upon the trial standing upon his claim either that the deficiency was immaterial or that there was a waiver. So far as the defense of waiver is concerned, I find upon the evidence that the defendant failed to sustain his burden of proof.

The plaintiff is therefore entitled to judgment for $1,500, with interest from June 18, 1906, with costs, for which the plaintiff may have a lien on the premises in suit. Submit findings of fact and conclusions of law in accordance with the views above expressed on two days' notice of settlement.