MARY URBACH, Plaintiff, *v.* JOHN E. PYE, Defendant.

(Supreme Court, New York Special Term, July, 1907.)

Vendor and purchaser — Quantity, condition and description of property — Failure to convey quantity — Materiality of deficiency.

Where a contract for the purchase of three lots in the city of New York for $76,000 sets forth the size of each lot, shortages on the various dimensions, as shown by an accurate survey, varying anywhere from a few inches to three or four feet, are so important that they cannot be disregarded; and the vendee, in an

Supreme Court, July, 1907. [Vol. 55.

action to recover back his deposit, is entitled to judgment for the amount, with interest and costs, for which he may have a lien upon the premises.

ACTION to impress a vendee's lien upon real property.

Max Monfried (Aaron A. Feinberg, of counsel), for plaintiff.

N. J. O'Connell, for defendant.

GIEGERICH, J. Two questions are presented for determination: (1) Whether there was such a deficiency in the size of the lots as to excuse the purchaser from performing his contract and to entitle him to recover back his deposit, and (2), if there was such a deficiency, whether objection on that ground had been waived during the course of the negotiations for adjournments of closing. The description of the property contained in the contract of sale is as follows: " No. 346–348–350 St. Nicholas ave., plot being size 25.3 x 81, 25.2 x 101 and 25.2 x 97, all parcels being the same size both front and rear, more or less." An accurate survey shows as to No. 346 that the width in the rear, instead of being twenty-five feet three inches, is twenty-four feet and eleven inches, while the depth on the southerly side is eighty feet and one and three-fourths inches instead of eighty-one feet, and on the northerly side only seventy-six feet and five inches. As to No. 348 the width in the rear, instead of being twenty-five feet and two inches, is only twenty-five feet, while the depth of the lot on the northerly side, instead of being one hundred and one feet, is only ninety-seven feet and five and one-half inches. With respect to No. 350 it appears that the width in the rear is twenty-four feet and ten and three-fourths inches instead of twenty-five feet and two inches, and that the depth on the northerly side is ninety-three feet and nine inches instead of ninety-seven feet. The shortages on these various dimensions, varying anywhere from a few inches to three or four feet, are so important in the case of property of this size and value that they cannot be disregarded. In Raben v. Risnikoff, 95 App. Div. 68, the court said: "A reduction of nine inches in the width and

five feet in the depth of a city lot, the purchase price of which was $5,450, would have a very substantial effect upon the value received by the purchaser." In the present instance the purchase price was $76,000, and the shortages in the three lots aggregate a greater area than in the case just cited and a much greater total in value. In Nicklas v. Keller, 9 App. Div. 216, the contract called for a lot twenty-seven feet and five inches in width, while the vendor could give good title to twenty-six feet and five inches only, his title to the remaining strip of one foot being subject to an outstanding easement, and the court held that the deficiency was too substantial to be overlooked. In Wacht v. Cohen, N. Y. L. J., Jan. 4, 1905, Judge Scott held that where the vendor could make title to a depth of only eighty-seven feet and six inches instead of eighty-nine feet and nine inches, as called for by the contract, the variance was substantial. So far as concerns the effect of the words "more or less" contained in the contract under consideration, even if they be held to be intended to modify the dimensions of depth as well as those of width, which is doubtful, as the contract is worded, nevertheless, they are ineffectual in the case of such deficiencies as here exist. In Raben v. Risnikoff, *supra,* and Wacht v. Cohen, *supra,* the words "more or less" were used. For the effect of these words see also Belknap v. Sealey, 14 N. Y. 143, and Paine v. Upton, 87 N. Y. 327. In this case no question is presented of equitable compensation for the deficiency, the defendant having refused to make any allowance during the negotiations, and upon the trial standing upon his claim either that the deficiency was immaterial or that there was a waiver. So far as the defense of waiver is concerned I find upon the evidence that the defendant failed to sustain his burden of proof. The plaintiff is, therefore, entitled to judgment for $1,500, with interest from June 18, 1906, with costs, for which the plaintiff may have a lien on the premises in suit. Submit findings of fact and conclusions of law in accordance with the views above expressed on two days' notice of settlement.

Judgment for plaintiff.