Charles Lambiase, J.
The original action, in the nature of a taxpayers’ action, has been brought by plaintiffs against defendants for judgment: “ (1) enjoining and restraining the Defendants, other than the city op Rochester, and each of them temporarily and permanently from constructing any road over land owned by the City of Rochester and shown in light blue on Exhibit ‘ A ’ hereunto annexed and from installing any hydrants, pavements, pipes, sewers, manholes, sidewalks or other improvements or otherwise trespassing under upon or over the said property; (2) directing that all such installations heretofore made be removed; (3) granting to the Defendant, city op Rochester, such money damages as may have been occasioned by the acts complained of in the Complaint; (4) granting Plaintiffs such other and further relief as to this Court may seem just and proper, together with the costs and disbursements of this action. ” All defendants in their answers demand judgment dismissing the original complaint.
Defendants, Morton Brodsky, Samuel Brodsky and Eastwood Apartments, Inc., by way of a counterclaim set up in their answer against defendant City of Rochester and additional defendants Leland W. Krieger and Rachel Gr. Krieger hereinabove named, ask pursuant to article 15 of the Real Property Actions and Proceedings Law a determination of the rights of the respective parties in the parcel above mentioned shown in light blue coloring on Exhibit “A ”, and demand judgment ‘ ‘ that they are the owner [sic] and entitled to an easement for all street purposes over the land described as Willamette Drive of the Grould Street Subdivision within the City of Rochester and that they are entitled to lawful, peaceful and undisturbed use of said premises for all street purposes, and that all the parties hereto be forever barred from all claim or claims to an estate or interest in the premises hereinbefore described as Willamette Drive contrary to the rights of defendants’ use of said premises for road and highway purposes, together with the costs and disbursements of the action.”
All defendants in the original action, except the City of Rochester, are represented by the same attorneys; and defendants, State Construction Company and Par Roadways, Inc., actually are contractors on the Eastwood Apartments Project and are only interested as such herein.
Plaintiffs and additional defendants have replied denying the allegations of the counterclaim.
The real property shown in light blue coloring on Exhibit “ A ” is known and described as the south opening of proposed Willimette Drive in the City of Rochester, New York, as the *1025 same is laid out and shown on the map of the Gould Street Subdivision dated April 25, 1925 filed in the Monroe County Clerk’s office in Case A-18 of Maps. Said map sets out a number of lots on the east side of Gould Street upon land situate both in the City of Rochester, New York and in the Town of Brighton, New York. Some of the lots are entirely within the City of Rochester and some are entirely within the Town of Brighton, and others are in both municipalities. Willimette Drive, as shown on said map, extends in an oval or circular design with two openings in it, a northerly and southerly one, located on the east side of Gould Street. Willimette Drive as mapped has never been dedicated, opened or used as a public street by the City of Rochester or Town of Brighton, and as shown on said subdivision map lies principally in the Town of Brighton.
Original defendants, other than the City of Rochester, New York, corporate and individual, are the owners, developers and contractors involved in the ownership, development and construction of an apartment complex known as “ Eastwood Apartments Inc.” above named, on land which includes part of the Gould Street Subdivision aforesaid in the City of Rochester, New York and in the Town of Brighton, New York, additional property in said town fronting on East Avenue, and an addiional parcel in said town situate east of the Gould Street Subdivision property.
It is the contention of plaintiffs and additional defendants, Leland W. Krieger and Rachel G. Krieger, that Willimette Drive is not now or ever has been a public street; that they are owners of property on Gould Street and are entitled to bring this taxpayers’ action; that the City of Rochester is the owner of land designated as the proposed Willimette Drive, that is that part of it which is located in the City of Rochester; that defendants other than the City of Rochester have no rights of any nature in and to the parcel of land in the City of Rochester known as the proposed Willimette Drive; and that the original defendants have trespassed and unlawfully interfered with said proposed Willimette Drive and the rights of others therein in that they have done permanent construction work therein and thereon in the Town of Brighton, and in that they have done unauthorized construction and sewer work beneath the surface of proposed Willimette Drive in the City of Rochester, New York, without first obtaining any permit from the proper authorities in said city. They assert that original defendants are estopped now from claiming any right or easement of ingress or egress to any part of Willimette Drive by reason of acts immediately above set forth of construction, such acts consti *1026 tuting acts of abandonment of any claimed easement rights, and that they, the plaintiffs and additional defendants, Kriegers, therefore, are entitled to a declaratory judgment and injunction and such other relief as may be deemed just and proper as demanded in their complaint and reply.
Original defendants, other than the City of Rochester, claim as set forth in their answers and counterclaim, all of which has been hereinbefore set forth. Particularly, defendants, Morton Brodsky, Samuel Brodsky, and Eastwood Apartments, Inc., assert a private easement by implication for all street purposes, for ingress and egress, and for the purposes of installing sewers, water and utilities therein, over proposed Willimette Drive within the City of Rochester as shown on said Gould Street Subdivision map, and particularly as to that part shown in light blue coloring on Exhibit “ A ”.
The amended answer of the defendant, City of Rochester, contains admissions and denials and asks for the dismissal of the cross claim of defendants, Morton and Samuel Brodsky and Eastwood Apartments Inc., asserted and set forth in the answer of said defendants as against it; and further demands “ judgment declaring that the defendant, City of Rochester, is the owner of the fee and entitled to close the land described as Willamette Drive of the Gould Street Subdivision within the City of Rochester, in order to conserve and promote the public health, safety and general welfare, and that all the parties hereto be forever barred from all claim or claims to an estate or interest in the premises hereinabove described as Willamette Drive, contrary to the rights, title and interests of the defendant, City of Rochester, together with costs and disbursements of this action.”
We must go back into the source of title of the lands involved herein in order to determine the rights of the parties to this action. By deed dated March 17, 1931 duly recorded in the Monroe County Clerk’s office from one Webb and wife to Gould Street Holding Corporation, there was conveyed land situate in the City of Rochester, New York and the Town of Brighton, New York, the conveyance being by lots numbered and laid out as abutting upon a proposed Willimette Drive shown thereon, which map described as Gould Street Subdivision is filed in the Monroe County Clerk’s office in Case A-18 of Maps on April 25, 1925. The question immediately arises Avhether there was granted by implication to the grantee in said deed named an easement for light, air and access in, to and over the land shoAvn *1027 as comprising the bed of proposed Willimette Drive as shown on said Gould Street Subdivision map. We think there was.
“ The easement in streets or roads for the purpose of access which may be acquired by a purchaser of a plat of land from a developer by reason of the fact that the deed to the purchaser described the plat by referring to it as designated on a stated map and the further fact that the map shows the plat as it appears with reference to streets and roads laid out on the map (Lord v. Atkins, 138 N. Y. 184, 191) ‘ may be found by implication ’, the question being ‘ one of intention, to be answered, like questions of intention generally, in the light of all the circumstances ’ (Matter of City of New York [Northern Blvd.], 258 N. Y. 136, 147). What appears on the map ‘ is an important circumstance ’ even though not the sole circumstance (Erit Realty Corp. v. Sea Gate Assn., 259 N. Y. 466, 470).” (Rose v. Indian Park Assn., 3 A D 2d 274, 278; Wells & Riv. Holding Corp. v. Otis Elevator Co., 7 Misc 2d 671, 673, affd. 5 A D 2d 883; Fiebelkorn v. Rogacki, 280 App. Div. 20, affd. 305 N. Y. 725 and eases cited therein.)
The City of Rochester foreclosed tax liens on lots and on the bed of proposed Willimette Drive, the latter being separately assessed, in the City of Rochester shown on said subdivision map filed in Monroe County Clerk’s office in Case A-18 of Maps on April 25, 1925, and took title thereto and became the owner thereof including the entire bed of proposed Willimette Drive by tax foreclosure deeds in the years 1939, 1945 and 1949. The private easement which we have hereinbefore found to have been granted by implication was not affected by said tax sales for it has been held that a tax sale of land burdened by easements lawfully acquired prior to the levying of the tax for which the sale was made does not extinguish the easement. (Tax Lien Co. v. Schultze, 213 N. Y. 9, 12.)
It appears that, by mesne conveyance, plaintiffs John H. Thyhsen and Shirley G. Thyhsen are the owners of Lot 33 as shown on said subdivision map on the east side of Gould Street together with a piece of land between said Lot 33 and the east side of said Gould Street, which latter parcel is in the bed of proposed Willimette Drive. Additional defendants, Leland W. Krieger and Rachel G. Krieger, are owners of Lot 34 as shown on said subdivision map on the east side of Gould Street together with a parcel of land between said Lot 34 and the east side of said Gould Street, which latter parcel is in the bed of proposed Willimette Drive. No one has made a point of this particular situation with reference to said small parcels of the street bed *1028 thus apparently conveyed. Plaintiff, Domine Builders Supply Corp., a domestic corporation, is the owner of Lots 61 to 68 on the east side of Gould Street and of a parcel on the west side of said street.
By virtue of deed dated October 28, 1965 and recorded in Monroe County Clerk’s office in Liber 3686 at page 593, defendant, Eastwood Apartments Inc., became the sole owners of Lots 38 and parts of Lot 27 to 32, both inclusive, Lots 39 to 46, both inclusive, Lots 49 to 51, both inclusive, and part of Lot 6 shown on the Gould Street Subdivision map to which reference has heretofore been made. (Said deed is not in evidence, but it has been agreed by counsel that it may be used by the court in connection herewith.) This deed, together with other lands shown on Exhibit “A ”, shows the holdings of defendants Morton Brodsky, Samuel Brodsky, and Eastwood Apartments Inc. (concededly for the purposes herein they are one and the same through stock ownership) in the area abutting and in the general area of proposed Willimette Drive consisting of lands on the Gould Street Subdivision map located in the Town of Brighton and in the City of Rochester, also parcel of land in Town of Brighton fronting on East Avenue, and another parcel in said town contiguous to the east boundary of said subdivision map, upon parts of all of which, including parts not on the Gould Street Subdivision map, buildings of the Eastwood Apartments are now located and being constructed.
Concededly the title to the lands owned by the various parties hereto is not questioned, and the purpose of this decision is not to determine such title, for proof for such purpose was not adduced with the detail required; rather the question to be determined is the effect of the title of such parties in connection with their claimed rights in and to the bed of proposed Willimette Drive within the City of Rochester which street bed is admittedly owned by the City of Rochester.
It is asserted by defendants, Morton Brodsky and Samuel Brodsky and Eastwood Apartments, Inc., that a new private easement by implication for light, air and access to the land shown as comprising the bed of proposed Willimette Drive, in the City of Rochester, New York, as shown on said subdivision map was created by the conveyance by the City of Rochester to one Vincent A. Alexander by deed dated March 3, 1961 recorded in Liber 3325 at page 535 conveying the same lands described in deed recorded in Monroe County Clerk’s office in Liber 3686 at page 593 hereinabove set forth. The aforementioned Alexander deed and subsequent deeds of mesne conveyances, including deed to Morton Brodsky and Samuel Brodsky *1029 and from the latter to defendant, Eastwood Apartments, Inc., describe the property therein conveyed by metes and bounds and in some instances by metes and bounds as well as by reference to lot numbers as set forth on the said Gould Street Subdivision map.
The question arises in the circumstance of said deeds whether the reference therein contained to proposed Willimette Drive is solely for identification or location or to convey a private easement as claimed for street purposes. It is our opinion that reference to proposed Willimette Drive in the circumstance was solely for identification and location (Schonleben v. Swain, 130 App. Div. 521, affd. 198 N. Y. 622), and that no private easement for the purposes claimed was granted thereby by implication or otherwise. (See, also, Dunham v. Williams, 37 N. Y. 251.)
Maps of the Eastwood Apartments have been filed with the Town of Brighton, New York and with the City of Rochester, New York, showing ingress and egress thereto as being from East Avenue, Brighton, New York, and construction is now under way principally in the Town of Brighton. General construction of the city portion of the project awaits the resolution by proper city authorities of pertinent matters in connection therewith.
Eastwood Apartments are to contain 264 units in all. Three buildings containing 33 units have been or are being constructed in the Town of Brighton in the area of proposed Willimette Drive adjacent to and east of the Brighton-City of Rochester boundary line, and at least one of them designated as ‘ ‘ Building B ” has been constructed in the bed of proposed Willimette Drive opposite to and directly in the path of the northerly opening thereof as the same is shown on said Gould Street Subdivision map.
Furthermore, original defendants except the city propose to construct and are constructing a street or drive in the Town of Brighton, in conjunction with said Eastwood Apartments, to be known as ‘ ‘ Eastwood Apartment Drive ’ ’ to lead to and to utilize the southerly opening of said proposed Willimette Drive as it is laid out on said subdivision map, which proposed construction does not conform to the boundaries of said proposed Willimette Drive as land out on said subdivision map.
Although there are covenants and agreements running with the land relating to construction of storm-water sewers and maintenance thereof in case of development, original defendants have already constructed sewers and have made other installations in and about and under proposed Willimette Drive in the *1030 City of Rochester, New York without having first obtained a permit for such work from the proper authorities in said city, and the course of which is at variance with that required by such covenants and agreements. (Deed recorded in Liber 3325 at page 535.)
The land used for the Eastwood Apartments is comprised of land in the City of Rochester in the Gould Street Subdivision as set forth on said subdivision map and in the Town of Brighton together with other lands in said town. Thus more land is involved in said project than just that laid out and shown on said Gould Street Subdivision map.
Plans, heretofore prepared and partly executed, call for an apartment complex involving some 264 apartment units together with the usual appurtenant service facilities for such a project, all of which defendants Morton Brodsky and Samuel Brodsky and Eastwood Apartments, Inc. wish to have serviced as dominant to the easement by implication found to exist with reference to the servient Gould Street Subdivision lands, by the use of the land comprising the southerly opening of proposed Willimette Drive as shown on said subdivision map.
These apartment buildings are made to, and undoubtedly will, accommodate a large number of persons and will be the cause of much traffic and congestion. By thus constructing and using the complex of buildings known as Eastwood Apartments, it has .so materially changed the conditions of the original dominant tenement as to increase the burden of servitude upon the servient tenement (the bed of Willimette Drive) and to subject the servient tenement to the service of premises other than the original dominant tenement, and to render it impossible to separate the enjoyment of the original right from the enjoyment of the excess beyond the original right and to make possible the legitimate use of said easement. It would seem that the dominant tenements or owners, whenever and however possible, should be permitted to enjoy the original easement by implication in connection with that part of the dominant tenement to which the easement is appurtenant, but the owner or owners of the dominant tenement have no right to enlarge the use of the easement so as to subject the servient tenement to servitude or use in connection with other premises to which the easement is not appurtenant. Therefore, an unlawful' excessive use of an easement may be enjoined. (McCullough v. Broad Exch. Co., 101 App. Div. 566, affd. 184 N. Y. 592.)
Lastly, it is contended that defendant's, Morton Brodsky and Samuel Brodsky and Eastwood Apartments, Inc., have aban *1031 doned any easement which they may have once had in the proposed Willimette Drive. With this contention we agree.
We find that by reason of the construction of the building in the bed of proposed Willimette Drive in the Town of Brighton, opposite the northerly opening and directly in the path of the afore-mentioned proposed Willimette Drive as the same is laid down on the aforesaid Gould Street Subdivision map and contiguous to the City of Rochester-Town of Brighton boundary line, and by the relocation of proposed Willimette Drive in the Town of Brighton from its location on said Gould Street Subdivision map and its reconstruction as Eastwood Apartment Drive not in accordance with said subdivision map, defendants Morton Brodsky and Samuel Brodsky and Eastwood Apartments, Inc. have, by such acts of permanent construction and nature, abandoned, and are now estopped from asserting, whatever rights they theretofore had in said proposed Willimette Drive.
It is the general rule that an easement created by grant, express or implied, can only be extinguished by abandonment, conveyance, condemnation or adverse possession. (Gerbig v. Zumpano, 7 N Y 2d 327; see, also, Zeiger v. Interborough R. T. Co., 254 App. Div. 908, affd. 280 N. Y. 516.) The general rule also is that an easement may be abandoned by unequivocal acts in pais inconsistent with the further assertion of any rights under it. (Heughes v. Galusha Stove Co., 133 App. Div. 814 [4th Dept.].) Abandonment of an easement will be presumed where the owner of the right performs, or acquiesces in the performance of, acts inconsistent with its future enjoyments. (Porter v. International Bridge Co., 200 N. Y. 234.) The erection and maintenance by or with the acquiescence of the dominant owner of something which is incompatible with the exercise of the easement is evidence of abandonment. (Albanese v. Dominianni, 281 App. Div. 768.) Where the owner of an easement of way builds structures upon the way or otherwise obstructs its use as a way, he may be held to have abandoned the easement. (Tremberger v. Owens, 80 App. Div. 594.)
Lastly, upon the record it is found that plaintiffs, additional defendants, and the City of Rochester, New York, have failed to make any proof of damage or loss in connection herewith.
We conclude that plaintiffs, additional defendants, and the City of Rochester, New York, are entitled to judgment dismissing the counterclaim of Morton Brodsky and Samuel Brodsky and Eastwood Apartments, Inc. and declaring:
1. That by reason of the foregoing, the part of the bed of proposed Willimette Drive located in the City of Rochester, bTeyr York, as laid down in the Gould Street Subdivision map *1032 filed in the Monroe County Clerk’s office in Case A-18 of Maps on April 25,1925, now is owned, at the time of the commencement of this action and for some time prior thereto had been owned by the defendant, City of Rochester, New York, except as to that part thereof which was conveyed to John H. Thyhsen and Shirley GK Thyhsen by deed recorded in Monroe County Clerk’s office in Liber 3638 of Deeds at page 257, and except as to that part thereof which was conveyed to Leland W. Krieger and Rachel Gr. Krieger by deed recorded in Monroe County Clerk’s office in Liber 3001 of Deeds at page 36.
2. That said Willimette Drive as set forth on said subdivision map has never been dedicated to the City of Rochester, New York, or to the Town of Brighton, New York, and has never been opened or used as a street in said municipalities.
3. That the defendants Morton Brodsky, Samuel Brodsky and Eastwood Apartments, Inc. owned a private easement by implication as herein specifically found and set forth.
4. That said private easement referred to in paragraph 3 immediately above has been abandoned by Morton Brodsky and Samuel Brodsky, and Eastwood Apartments, Inc., and that they, therefore, are estopped from asserting any rights by reason thereof, including any rights for light, air, access and street purposes.
5. That defendants Morton Brodsky, Samuel Brodsky, Eastwood Apartments, Inc., State Construction Company, Division of Pas ser o Contracting, Inc., and Par Roadways, Inc., be restrained and enjoined from any construction, installation and any act within the parcel of land owned by the City of Rochester known as the proposed Willimette Drive, in the City of Rochester, New York, and that they be directed to remove any installations already made upon or under said property not authorized by deed recorded in Monroe County Clerk’s office in Liber 3325 of Deeds at page 535.
6. That plaintiffs, John H. Thyhsen and Shirley Gr. Thyhsen, additional defendants, Leland W. Krieger and Rachel Gr. Krieger, and defendant, City of Rochester, New York, have judgment accordingly, including the costs and disbursements of this action to be taxed as a single joint bill of costs and disbursements by the Clerk of this court.